THE EMIGRANT INDUSTRIAL SAVINGS BANK, Respondent,
*v.* THOMAS J. CLUTE *et al.*, Appellant.

*Court of Appeals, June 4, 1889.*

Affirming 37 Hun, 644, Mem.

1. *Mortgage. Subrogation.*—Where money is raised on plaintiff's mortgage to pay off an existing mortgage on the premises, on which a loan had been made to discharge a mortgage then existing and prior to a judgment, which judgment was a lien superior to the second mentioned mortgage, and under which the real estate had been sold before the execution of said mortgage, and such payments were made in ignorance of such judgments and sale thereunder, the plaintiff is entitled to be subrogated to the rights of the mortgagee in the first mortgage, and to a judgment cancelling the record of its discharge, restoring its lien and directing its foreclosure.

2. *Questions of fact. Case.*—Where the case does not show that it contains all the evidence, or all bearing upon the propositions which the appellant requested the trial courts to find, the findings of fact and requests to find will not be reviewed.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon the report of a referee.

*Bartholomew Skaats*, for respondent.

*Thomas J. Clute*, for appellant.

PER CURIAM.—The judgment in Clute *v.* Emmerich (99 N. Y. 342) is decisive of this case. It was there held that the title of Isabella B. Clute was subject to the plaintiff's morgtage. There is no merit in the point that the complaint is insufficient to authorize a judgment cancelling the record of the discharge of the mortgage from Hale to Chamberlain, restoring the lien of the mortgage, and directing its foreclosure. The plaintiff alleges in its complaint the consideration upon which that mortgage was given, its cancellation, that the money with which it was paid was borrowed.

upon the mortgage given by Hyde to the Pearsalls, and that the mortgage from Hyde to the Pearsalls was subsequently paid and cancelled by money borrowed of the plaintiff upon its mortgage; and very clearly indicates that the plaintiff is entitled to be subrogated to the rights of Chamberlain under the first mortgage. Several exceptions to the refusal of the court to find certain facts requested, pursuant to section 1023 of the Code of Civil Procedure, are discussed, but all of them are subordinate to the main question, which has been determined by the court of appeals, and would be unavailing, if found in the appellant's favor; besides, the case does not show that it contains all of the evidence, or all bearing upon the propositions which the appellant requested the trial court to find.

The judgment should be affirmed, with costs.

All concur, except PARKER and BROWN JJ., dissenting.